IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00171-NYW-MEH

Shane Scofield,
    Plaintiff,
v.
Gallant Law Group PC,
    Defendant.

---

### GALLANT LAW GROUP PC'S ANSWER

Defendant Gallant Law Group PC, through counsel, respectfully submits this Answer to Plaintiff Shane Scofield's Class Action Complaint. Gallant denies each and every allegation in the Complaint unless expressly admitted or otherwise qualified, as follows:

### ADMISSIONS & DENIALS

1. The allegations set forth in Paragraph 1 constitute Plaintiff's characterization of her action against Gallant, so no response is required. To the extent a response is required, Gallant denies the allegations set forth therein.

2. Gallant denies the allegations in paragraph 2.

3. Gallant responds that Paragraph 3 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 3.

4. Gallant responds that Paragraph 4 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 4.

**Parties**

5. Gallant denies the allegations set forth in Paragraph 5 for lack of sufficient information at this time.

6. Gallant admits the allegations in Paragraph 6.

**Jurisdiction & Venue**

7. Gallant admits the allegations in Paragraph 7.

8. Gallant denies the allegations set forth in Paragraph 8 for lack of sufficient information at this time.

9. Gallant denies the allegations set forth in Paragraph 9 for lack of sufficient information at this time.

**TCPA Background**

10. Gallant responds that Paragraph 10 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 10.

11. Gallant responds that Paragraph 11 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does

not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 11.

12.     Gallant responds that Paragraph 12 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 12.

13.     Gallant responds that Paragraph 13 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 13.

14.     Gallant responds that Paragraph 14 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 14.

15.     Gallant responds that Paragraph 15 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 15.

**Factual Allegations**

16.     Gallant denies the allegations set forth in Paragraph 9 for lack of sufficient information at this time.

17.     Gallant admits the allegations in Paragraph 17.

18. Gallant admits it makes marketing calls. It denies all other allegations in Paragraph 18.

19. Gallant denies the allegations set forth in Paragraph 19 for lack of sufficient information at this time.

20. Gallant denies the allegations set forth in Paragraph 20 for lack of sufficient information at this time.

21. Gallant denies the allegations set forth in Paragraph 21 for lack of sufficient information at this time.

22. Gallant denies the allegations set forth in Paragraph 22 for lack of sufficient information at this time.

23. Gallant denies the allegations set forth in Paragraph 23 for lack of sufficient information at this time.

24. Gallant denies the allegations set forth in Paragraph 24 for lack of sufficient information at this time.

25. Gallant denies the allegations set forth in Paragraph 25 for lack of sufficient information at this time.

26. Gallant denies the allegations set forth in Paragraph 26 for lack of sufficient information at this time.

27. Gallant denies the allegations set forth in Paragraph 27 for lack of sufficient information at this time.

28. Gallant denies the allegations set forth in Paragraph 28 for lack of sufficient information at this time.

29. Gallant denies the allegations set forth in Paragraph 29 for lack of sufficient information at this time.

30. Gallant denies the allegations set forth in Paragraph 30 for lack of sufficient information at this time.

31. Gallant denies the allegations set forth in Paragraph 31 for lack of sufficient information at this time.

32. Gallant denies the allegations set forth in Paragraph 32 for lack of sufficient information at this time.

33. Gallant denies the allegations set forth in Paragraph 33 for lack of sufficient information at this time.

34. Gallant denies the allegations set forth in Paragraph 34 for lack of sufficient information at this time.

35. Gallant denies the allegations set forth in Paragraph 35 for lack of sufficient information at this time.

## CLASS ACTION ALLEGATIONS

36. Gallant responds that Paragraph 36 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 36.

37. Gallant responds that Paragraph 37 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does

not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 37.

38. Gallant responds that Paragraph 38 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 38.

39. Gallant responds that Paragraph 39 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 39.

40. Gallant responds that Paragraph 40 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 40.

41. Gallant responds that Paragraph 41 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 41.

42. Gallant responds that Paragraph 42 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 42.

43. Gallant responds that Paragraph 43 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 43.

44. Gallant responds that Paragraph 44 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 44.

45. Gallant responds that Paragraph 45 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 45.

46. Gallant responds that Paragraph 46 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 46.

47. Gallant responds that Paragraph 47 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 47.

48. Gallant responds that Paragraph 48 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does

not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 48.

49. Gallant responds that Paragraph 49 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 49.

50. Gallant responds that Paragraph 50 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 50.

51. Gallant responds that Paragraph 51 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 51.

52. Gallant responds that Paragraph 52 of Plaintiff's Complaint does not contain actionable allegations of fact but represents Plaintiff's view of the law and does not require a response. To the extent that a further response is required, Gallant denies the allegations in Paragraph 52.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(b)) on behalf of the Robocall Class**

53. Gallant incorporates its above responses.

54. Gallant denies the allegations in Paragraph 54.

8

55. Gallant denies the allegations in Paragraph 55.

56. Gallant denies the allegations in Paragraph 56.

57. Gallant denies the allegations in Paragraph 57.

## DEFENSES & AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction because Plaintiff has not suffered actual harm and therefore has no Article III standing to sue.

### THIRD AFFIRMATIVE DEFENSE

Gallant is entitled to the entry of judgment in its favor to the extent that the texts alleged in Plaintiff's Complaint were made by others.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to represent a class because her claims fail to meet the requirements for class certification to the extent that:

1. Plaintiff and/or members of the proposed classes lack standing;

2. Plaintiff cannot demonstrate that the proposed class is so numerous that joinder of all members would be impracticable;

3. Plaintiff cannot demonstrate that there are questions of law or fact common to the members of the proposed class;

4. Plaintiff cannot demonstrate that she will fairly and adequately protect the interests of the members of the proposed class;

5. Plaintiff cannot demonstrate that prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications;

6. Plaintiff cannot demonstrate that her claim is typical of those of the other members of the proposed class;

7. Plaintiff cannot demonstrate that questions of law or fact common to class members predominate over any questions affecting only individual members of the proposed class; and

8. Plaintiff cannot demonstrate that a class action is superior to other available methods for fairly and efficiently adjudicating the controversies.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint, to the extent that it seeks punitive or exemplary damages under the TCPA, violates the rights of Gallant under the Due Process provisions of the United States Constitution. Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without the due process of law." *See, e.g., TXO Prod Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). The TCPA affords discretion to award up to $1,500.00 "per violation." Yet, the alleged violation at issue causes de minimis or no actual harm. Hence, the imposition of the discretionary punitive damage element Gallant into the TCPA would violate the BMW proportionality test.

## SIXTH AFFIRMATIVE DEFENSE

Defendant may qualify for the Do-Not-Call safe harbor provisions contained in the TCPA.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited because the damages or injuries to Plaintiff, to the extent any exist, were caused in whole or in part by the acts or omissions of third parties over which Defendant had no control and/or by the acts or omissions of Plaintiff.

EIGHTH AFFIRMATIVE DEFENSE

Any alleged texts to Plaintiff were not "unwanted."

NINTH AFFIRMATIVE DEFENSE

The imposition of statutory damages under the TCPA against Gallant would violate the due process provisions of the United States Constitution and/or the applicable state constitutions.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of waiver.

ELEVENTH AFFIRMATIVE DEFENSE

Defendant has acted in good faith to comply with the law and has not willfully or knowingly violated any provision, subsection, or regulation under the TCPA.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff had a duty to take reasonable steps to mitigate and/or avoid the alleged damages. Plaintiff failed to do so and, therefore, may be barred, in whole or in part, from recovering damages in this case.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit may preclude its liability to Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to join necessary, indispensable, and/or proper parties, including, for example, the actual owner/subscriber of the telephone line at issue.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred to the extent that Plaintiff acquiesced to the alleged conduct by Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant had a First Amendment free speech right to make the alleged calls if they were made.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff previously consented to receive the alleged communications.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims against Gallant asserted in the Complaint violate Bulit's rights under the "excessive fines" clause of the Eighth Amendment to the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim fails, in whole or in part, because Gallant acted in good faith and without willfulness, malice, knowledge, or intent to injure.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim is subject to dismissal, in whole or in part, to the extent the claims made in the Complaint on behalf of Plaintiff and/or members of the proposed class are barred by res judicata, collateral estoppel, or the failure to schedule such claims as assets in prior proceedings under Title 11 of the United States Code.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is subject to dismissal, in whole or in part, to the extent the claims made in the Complaint on behalf of Plaintiff and/or members of the proposed class are barred by accord and satisfaction, release, judicial estoppel, or the applicable statute of limitations.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Certain additional defenses to the Complaint and to the asserted claims for relief stated therein may be available to Gallant. These additional defenses, however, may require discovery before they can be properly alleged as certain information is in the hands of Plaintiff and/or third parties. Thus, Gallant reserves the right to assert other separate and additional defenses if and when they become appropriate in this action.

### **PRAYER**

WHEREFORE, having fully answered, Gallant respectfully requests that the Court:

1) Deny certification of Plaintiff's proposed class;

2) Dismiss Plaintiff's claim with prejudice,

3) Enter judgment against Plaintiff and in favor of Gallant on all claims;

4) Enter a judgment that Plaintiff take nothing by way of her Complaint;

5) Award costs against Plaintiff, including Gallant's reasonable attorneys' fees and costs, and

6) Grant Gallant such other and further relief as this Court deems just and proper.

Respectfully submitted March 29, 2023.

            THOMAS P. HOWARD, LLC

            <u>By: /s/ Scott Brenner</u>
            Scott E. Brenner
            Kammie Cuneo
            842 W. South Boulder Rd.
            Suite #100
            Louisville, CO 80027
            (303) 665-9845
            Fax: (303) 665-9847
            sbrenner@thowardlaw.com
            *Counsel for Gallant Law Group PC*